```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN
```

BANK OF NOVA SCOTIA,                    )
                                        )
       Plaintiff,                       )
                                        )
       v.                               )   Civil No. 2012-53
                                        )
HAROLD J. SUMNER a/k/a JOSEPH HAROLD    )
SUMNER and DELITA SUMNER a/k/a DELITA   )
SLACK SUMNER,                           )
                                        )
       Defendants.                      )
                                        )

ATTORNEYS:

**Johanna Harrington, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, VI
    *For the plaintiff*

**Harold J. Sumner a/k/a Joseph Harold Sumner**
    *Pro se*

**Pedro K. Williams**
Law Office of Frazer and Williams
St. Thomas, VI
    *For the defendant Delita Sumner a/k/a Delita Slack Sumner.*

<u>ORDER</u>

**GÓMEZ, J.**

Before the Court is the motion of defendant Delita Sumner a/k/a Delita Slack Sumner ("D. Sumner") to vacate the August 1, 2013, default judgment entered in this case and to stay foreclosure of the property at issue in this matter.

I.  FACTUAL AND PROCEDURAL HISTORY

D. Sumner is the record owner of property described as:

> Parcels 2E-24, 2E-47, and 2E-47A, Estate Caret Bay, No. 8 Little Northside Quarter, St. Thomas, U.S. Virgin Islands, as shown on PWD Nos. C9-124-T71 and F9-2473-T69

(the "Property"). On or about February 6, 1997, D. Sumner and her then-husband, now co-defendant, Harold J. Sumner a/k/a Joseph Harold Sumner ("H. Sumner") (collectively the "Sumners") borrowed $150,000 from the Bank of Nova Scotia ("BNS"). That loan was evidenced by a promissory note executed that same day (the "First Note"). Pursuant to the First Note, the Sumners agreed to repay the principal plus interest at the rate of 9.5 percent per annum in equal, consecutive monthly installments of $1,310.55. As security for the First Note, the Sumners executed a mortgage (the "First Mortgage") on the Property. The First Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on February 6, 1997.

Thereafter, on or about July 15, 1997, the Sumners borrowed an additional $50,000 from BNS. This second loan was evidenced by a promissory note executed the same day (the "Second Note"). In the Second Note, the Sumners agreed to repay the principal plus interest at the rate of 8.75 percent per annum, in equal, consecutive monthly installments of $499.72. As security for the Second Note, the Sumners executed another mortgage attached

to the Property (the "Second Mortgage"). The Second Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on July 15, 1997.

The Sumners failed to repay the principal and interest due as required under the First and Second Notes and First and Second Mortgages. Pursuant to the terms of the First and Second Notes and First and Second Mortgages, BNS elected to declare the entire unpaid principal and accrued interest due and payable. BNS made demand on the Sumners for payment of the entirety of the principal and interest outstanding. The Sumners failed to cure the default.

The Bank of Nova Scotia ("BNS") filed a complaint in this matter, seeking a judgment of debt and foreclosure, on July 24, 2012.

The Clerk of Court issued summonses as to D. Sumner and H. Sumner that same day. On September 11, 2012, BNS filed an executed summons as to D. Sumner. The executed summons indicated that D. Sumner had been personally served on August 27, 2012, at Est. Caret Bay 2D-47, St. Thomas. The executed summons was accompanied by an affidavit of service. The process server averred therein that he served D. Sumner personally at

12:00 PM on August 27, 2012, at the Knud Hansen Complex on St. Thomas, Virgin Islands.[1]  H. Sumner was served by publication.

Neither of the Sumners filed an answer or appearance. The Clerk of Court entered default as to D. Sumner and H. Sumner on December 12, 2012.  Thereafter, on August 1, 2013, the Court entered a default judgment.  The August 1, 2013, Judgment awarded BNS a sum of $213,410.59 plus interest accruing on the First Note. The Judgment also awarded BNS the sum of $12,706.83 plus interest accruing on the Second Note. The Court determined that the mortgages were first priority and second priority mortgages, respectively. The Court also ordered foreclosure on the Property.

BNS obtained a writ of execution on September 23, 2013. The writ was returned executed on December 11, 2013.

On February 12, 2014, D. Sumner filed what was entitled an "Emergency Motion to Vacate Default Judgment & Stay Foreclosure Sale." In her motion, D. Sumner alleges that she was not served. Attached to her motion, D. Sumner included a number of exhibits. One such exhibit was an affidavit.  In that affidavit, D. Sumner avers that the process server never served her with any documents at her office.  D. Sumner also avers that the process

---

[1] D. Sumner is employed by the Virgin Islands Government, and her office is at the Knud Handsen Complex.

server did come to her house, but only asked about H. Sumner's whereabouts. BNS opposes the motion.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause". Fed. R. Civ. P. 55(c). Courts may set aside a default judgment under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60. Generally, in ruling on a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b), the Court must consider the following three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985).

However, if the Court finds that the default judgment was improperly entered, consideration of those three factors is unnecessary and the judgment should be set aside as a matter of law. *Id.* (explaining that the factors "apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default"); *see also Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988) ("When . . . a district court lacks jurisdiction over the defendant because of lack of service of process, the judgment is void and, under

Rule 60(b)(4), the district court must set it aside, regardless of whether the movant has a meritorious defense." (internal citations omitted)). "Any doubt should be resolved in favor of the petition to set aside the [default] judgment so that cases may be decided on the merits." *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. 1976).

### III. ANALYSIS

Where service was not proper, the Court must set aside a default judgment as void. *Bludworth Bond Shipyard*, 841 F.2d at 649. As such, the issue the Court must first address is whether or not service was proper. The Federal Rules of Civil Procedure allow service on an individual by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Service must be proved by affidavit. Fed. R. Civ. P. 4(l).

Here, BNS returned an executed summons and filed an affidavit from the process server indicating that he had served D. Sumner in compliance with Rule 4. D. Sumner, however, avers the exact opposite – she indicates that she never received process from the process server named in the affidavit either at

home or at work. There is thus precisely the same amount of evidence indicating service and failure to serve. The Court also notes that there is some inconsistency between the executed summons, indicating that personal service occurred on August 27, 2012, at D. Sumner's home, and the affidavit, which states that D. Sumner was served on August 27, 2012, at her place of work.

Where there is any doubt, courts are instructed to resolve that doubt in favor of vacating the judgment so that the case may be resolved on the merits. *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976)("[A] standard of liberality rather than strictness should be applied in acting on a motion to set aside a default judgment, and [] any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.")(internal quotations omitted).

Here there is doubt as to the essential issue of whether or not D. Sumner was served. As such, the Court is persuaded that the appropriate course of action is to vacate the default judgment and reopen this matter.

The premises considered, it is hereby

**ORDERED** that the December 12, 2012, entry of default as against D. Sumner is **VACATED**; it is further

**ORDERED** that the August 1, 2013, Default Judgment as against D. Sumner is **VACATED**; and it is further

**ORDERED** that the Clerk of Court shall reopen this case.

```
                                    S_____
                                       CURTIS V. GÓMEZ
                                       District Judge
```